A. M. ASKEW ET AL.

v.

LEROY A. GODDARD.

</div>

CONFESSION OF JUDGMENT—ATTORNEY'S FEES.—The attorney who confessed the judgment in this case had no power under the warrant of attorney to confess judgment for any attorney's fee, for the reason that he was the attorney for the plaintiff also. The judgment of the court below is therefore reversed as to so much as is made up of the attorney's fee and the $1.33 in excess of the principal and interest due on the notes.

ERROR to the Circuit Court of Williamson county; the Hon. DAVID J. BAKER, Judge, presiding.    Opinion filed November 27, 1885.

Messrs. CLEMENS & WARDER, for plaintiffs in error; as to the attorney being attorney for both parties, cited Freeman on Judgments, 144 ; Fish v. Leser, 69 Ill. 400 ; 1 Wait's Actions and Defenses, 448 ; Cox v. Sullivan, 7 Ga. 144.

Judgments may be valid in part and invalid as to another portion: Fleming v. Jencks, 22 Ill. 477 ; Soles v. Sheppard, 99 Ill. 619.

Messrs. YOUNG, BARR & LEMMA, for defendant in error; cited Roundy v. Hunt, 24 Ill. 600 ; Iglehart v. Morris, 34 Ill. 501; Durham v. Brown, 24 Ill. 93 ; Condon v. Besse, 86 Ill. 159 ; Ball v. Miller, 38 Ill. 110 ; Hempstead v. Humphrey, 38 Ill. 90 ; Crossman v. Wohlleben, 90 Ill. 537.

WILKIN, J.    This case originated in the court below on a motion to modify a judgment entered before the clerk of the Circuit Court of said Williamson county in vacation, on the 30th day of January, 1885, in favor of defendant in error and against plaintiffs in error for the sum of $3,716.93, and costs taxed at $3.

The motion was heard at the May term, 1885, of the circuit court and overruled and hence this writ of error.

The judgment was confessed on a note for $3,540 due twelve months after date, payable to defendant in error, signed by plaintiffs in error, and "authorizing and empowering any attorney at law of the State of Illinois to appear before any court of record, in term time or vacation, and confess judgment for the above-mentioned sum and eight per cent. from maturity, and a reasonable attorney's fee, and to release all errors," etc.

It appears from the record in this case that the plaintiff in the confessed judgment signed his own declaration ; that George W. Young, Esq., signed the cognovit as the attorney of defendants therein, in and by which he says that "the said Mary Ann Askew and Alexander M. Askew, by George W.

Young, their attorney, come and waive service of process, etc." and confesses that the said L. A. Goddard on occasion of the non-performance of the several promises in said declaration mentioned, including the sum of $125 for his reasonable attorney's fee, has sustained damages, etc.   That George W. Young, Esq., prepared the declaration and all other papers in the confession and advised with the plaintiff and the clerk who entered the judgment with reference thereto, and that the defendant in error paid him the sum of $125 for his services as his attorney in that proceeding.   It also appears that this $125 attorney's fee, together with the principal and interest due on said note, do not equal the amount of the judgment confessed by $1.33 ; that real estate was sold on said judgment for $387.95 more than the amount due thereon and purchased by defendant in error, and the excess paid over to the plaintiff in error, A. M. Askew, prior to the filing of the motion herein, and the judgment satisfied.

These are all the facts in the case necessary to be stated in its consideration.   It is insisted by defendant in error that the plaintiffs in error have ratified the acts of the attorney in confessing the judgment and that they can not now be heard to question it.

We find no evidence in the record to justify that position. There is no pretense that Mrs. Askew has done any act whatever which directly or indirectly recognized the validity of that proceeding.

The only evidence tending to prove a ratification by A. M. Askew, is the statement in the affidavit of George W. Young that the sheriff of Williamson county, having sold certain property on execution issued on said judgment for $387.95 more than the amount due thereon, paid that amount to A. M. Askew.   There is nothing to show that he knew the facts when he accepted the money.   It is also insisted that by the sale the judgment complained of was satisfied and that therefore the same can not be modified.

There is no claim that the judgment has been voluntarily paid by the plaintiffs in error.   The plaintiffs in error made their motion to the first term of the court after the confession was taken, and this they clearly had the right to do.

To say that because the defendant in error had in the mean. time caused execution to issue, a sale to be made and the execution. returned satisfied, the plaintiffs in error can not maintain this motion, would be to allow a party taking a judgment by confession in vacation to deprive the defendant of a remedy which by the law he is entitled to.

If the defendant in error has taken a judgment to which he was not entitled, and one which it is inequitable to permit him to hold against the plaintiffs in error, he must suffer the consequences, no matter what he has done in pursuance thereof. It is admitted that the attorney confessing the judgment exceeded his authority by confessing the judgment for more than was due. "An attorney in fact can only act within the strict letter of his authority for the purposes and in the manner prescribed." Chase v. Dana, 44th Ill. R. 262 ; Tucker v. Gill, 61 Ill. R. 236; Frye et al. v. Jones, 78th Ill. R. 627.

It is said, however, that the judgment is only too large by a small amount, and therefore the court should take no notice of it. As to the whole amount of the judgment, the $1.33 is small, but we are unable to find any authority which justifies an attorney in fact in confessing a judgment for more than is authorized by his warrant.

The case of Zuckermann et al. v. Solomon, 73 Ill. R. 131, does not so decide. There is nothing in that case to show that the confession was not in strict conformity to the power of attorney. In fact it may be fairly concluded that it was. In the opinion it is said : "It is also claimed that there was a small amount of *usury included in the note,*" and again, "But the court·offered to have deducted from the judgment the excess of interest that may have been inadvertently included in the note." The confession was therefore for the amount which was due by the terms of the note and the usury was shown by other proof.

Even if it can be said that this case would have justified the court below in offering to allow the $1.33 to be deducted from the judgment confessed, and confirmed it for the balance, nothing of the kind was done. The court below confirmed the judgment—overruled the motion entirely at the costs of plaint-

Askew v. Goddard.

iffs in error. There is nothing in the record to show any offer to deduct that or any other amount except the statement in the affidavit of Young, in which he admits that the judgment is too large, and says that " *he* is perfectly willing that as to such an amount said judgment shall be corrected."

But we hold that the attorney's fee of $125, under the circumstances, was also improperly included in the judgment.

While judgments by confession are authorized both by statute and the common law, and while the practice of taking notes with warrants of attorney attached is not in itself to be condemned, yet it is a practice that is liable to abuse, and often results in oppression to debtors; and we are not willing to increase the facility for taking such judgments by holding that in such a proceeding the same attorney may act for both plaintiff and defendant.

The fair construction of that part of the warrant of attorney which authorizes a confession for a reasonable attorney's fee, is that it was intended to indemnify the defendant in error in the expense of employing an attorney to take the confession, the reasonableness of that fee to be fixed by a disinterested third party. Certainly it was not intended that the reasonableness of the amount should be fixed by the payee of the note or his attorney. A party signing such a power of attorney no doubt waives most of his rights and places himself largely in the power of his creditor, but he does not thereby authorize such creditor to select an attorney to represent him who is already employed in the interest of the creditor himself, and allow such attorney to fix the amount of the compensation he shall receive to be paid by the debtor.

While it is no doubt true, as stated by the counsel for defendant in error, that in confession proceedings the papers are usually all prepared by the attorney for the plaintiffs, and while it may be true that brother attorneys sign cognovits for each other without a previous critical examination of them, yet we are not prepared to believe that a reputable member of the profession when called upon to confess a judgment for an attorney's fee, the reasonableness of which was to be determined by him, would not exercise care in reference thereto and not leave it wholly to the attorney for the plaintiffs.

It may be said that the fee in this case is not in fact unreasonable and that therefore there is no equitable ground for setting aside the judgment because it was allowed. We hold that the attorney who confessed this judgment had no power under the warrant of attorney to confess judgment for any attorney's fee, for the reason that he was the attorney for plaintiff also, and therefore the question of its reasonableness does not arise. The judgment of the court below, overruling the motion of plaintiffs in error and confirming the judgment by confession, is reversed as to so much thereof as is made up of the said attorney's fee of $125, and the $1.33 excess of principal and interest due on said notes, which amounts should be deducted from said judgment; and in all other respects the judgment of the circuit court is affirmed, and the cause is remanded for further proceedings in conformity with this opinion.

<div align="right">Judgment reversed in part.</div>

