NELSON W. EVANS ET AL.

v.

DAVID F. BARCLAY.

*Negotiable Instruments—Notes—Motion to Open Judgment by Confes-
sion—Affidavits—Practice.*

Upon a motion to open a judgment upon judgment notes entered by con-
fession, upon the grounds that the defendants were entitled to a credit on
the notes, that the security on the notes was informed that the notes were
not judgment notes at the time she signed, that the property for which
the notes were given was unfit for the purpose for which it was sold, and
that the property was not worth the price charged, it is *held :* That the
credit claimed having been allowed upon the hearing of the motion in the
court below, the fact that it was originally included in the judgment was
immaterial; that said court correctly decided that the surety had not been
misinformed as to the character of the notes she was signing; that the prop-
erty was not unsuitable for the purpose designed, and that as to the value
of the property, the principle, *caveat emptor*, applied.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Kane County; the Hon.
ISAAC G. WILSON, Judge, presiding.

Evans v. Barclay.

Mr. RANDALL CASSEM, for appellants.

Messrs. HOPSON & HOLLEMBEAK, for appellee.

LACEY, J.   This was a motion, entered before Judge Wilson, Circuit Judge of Kane County, to open up a certain judgment, recovered by confession under power of attorney contained in certain notes confessed by appellants to appellee, in the Kendall County Circuit Court, and transfessed under an act of the Legislature entitled "Limitations and Liens," in force July 1, 1889 (Sess. Laws 1889, p. 195) to Kane County Circuit Court.   The judgment was for $753.89.   The motion was taken up and heard by Judge Wilson December 23, 1889, by agreement of counsel, upon affidavits then submitted to him.   On the hearing, the appellee credited the judgments with $33.64.   Thereupon the court overruled the motion of appellants to vacate judgments and stay execution; to which overruling and decision of the court the appellants excepted, and now bring this appeal to this court.

The affidavits originally filed by appellants seemed principally to rely upon the fact, as charged, that the notes, when originally given to the attorney of appellee, were promised certain credits amounting to $33.64, and they were not to be delivered unless that was done, and, not having been done, the notes were, as claimed, void.   This was, however, flatly contradicted by the affidavits of the attorney for appellee. But however that may be, the giving the claimed credit by appellee takes that question out of the case, and we need not further refer to it.   The affidavit of appellant Nelson W. Evans, as originally filed, as well as that of his mother, Charity A. Earnst, the security and one of the appellants, do say and claim that the goods for which the notes were given, to wit, certain utensils and outfit for a butter and cheese factory, including a turbine separator, were charged at too high a price, and were defective and faulty and unfit for the purposes for which they were sold, and claim an offset of some $300 to $500; the entire bill of goods was some $1,400, for which $700 was paid down, and the notes in question were given for this balance.

The appellee then filed an affidavit showing that the goods sold were for the usual market price, and of good material and suitable for the purposes sold. Then appellants, Evans and Earnst, file additional affidavits setting up new matter. The former attacks the value of the separator, and the latter in her amended affidavit swears that the "notes were not read over to her before signed, but Hollembeak (attorney who took the notes) stated to her that they were not judgment notes, and would not harm deponent to sign them." But we are satisfied from the affidavits on file that the court below held correctly in finding that such statement was not made, and that she knew that the notes were judgment notes, as she, in fact, stated as much to Holtz, deputy sheriff of Kane county, notwithstanding her denial. It is not necessary for us to recount the affidavits. The claim set up that the goods were not sold to him at the market value, but above, can not be allowed, for Evans, the purchaser, must be his own judge as to the price he gives. It was his own folly if he gave more than the goods were worth. He should have informed himself, before undertaking to purchase, of the market value of the goods. Nor do we think the charge that the goods were not of proper material, defective, or unfit for the purposes for which they were purchased, is substantiated. The affidavits, taken together, seem clearly to justify the court below in finding to the contrary. The goods were purchased in April, 1889, and the separator, the only thing complained of, was run till some time before the 9th September, 1889, when it was burned. Not a word of complaint since the separator had been repaired, a short time after it was set up, in June or May, up to the time it burned down. On the 9th September appellant Evans wrote appellee a letter, in which he agreed to pay him what he owed him and " get another outfit." No complaint of appellant Evans, the principal in the note, that anything was wrong with the separator. We must regard the complaint set up by appellants against the separator as being an afterthought, and having no just foundation.

The appellants make the point that the judgment record shows that the attorney for the appellants acted for the appel-

lee in confessing judgment. Were this the case it would not invalidate the judgment. Askew et al. v. Goddard, 17 Ill. App. 377. But we are satisfied that this was a clerical error of the clerk in entering the judgment, for the cognovit shows that it was signed by Frank W. Joslin, attorney for appellants. So he must have been the attorney who confessed the judgment on the notes.

Seeing no error in the judgment of the court below, it is therefore affirmed.

*Judgment affirmed.*